# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                            )
            v.              )          ID No.      0908013580
                            )
EFRAIN RIVERA,              )
                            )
            Defendant.      )

## ORDER

1.  On this 28th day of November, 2023, upon consideration of Defendant Efrain Rivera's ("Defendant") *pro se* Motion for Sentence Reduction[1] and Motion for Sentence Modification[2] (the "Motions") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[3] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On May 18, 2010, a Superior Court jury found Defendant guilty of Rape in the First Degree, Rape in the Second Degree, Menacing, two counts of Terroristic Threatening, Endangering the Welfare of a Child, and Assault in the Third Degree.[4]

3.  On July 23, 2010, this Court sentenced Defendant for these convictions to a total of eighteen years of Level V supervision, suspended after fifteen years for six months of Level IV supervision, followed by two years of Level III supervision.[5]  A

---

[1] D.I. 101.
[2] D.I. 102.
[3] Defendant does not specifically cite to Rule 35(b) in the Motions, but he asks this Court to reduce the duration of his sentence and modify its terms.
[4] *State v. Rivera*, ID No. 0908013580, at 1 (Del. Super. Mar. 27, 2019) (setting forth the procedural history of the case).
[5] *See id.*

condition imposed on this sentence requires Defendant to participate in the sex offenders program and to comply with the Tier III sex offenders GPS program.

4. On June 2, 2022, Defendant began the Level III supervision portion of his sentence.[6]

5. On October 20, 2022, this Court modified Defendant's sentence to impose a condition that he refrain from possession or use of alcohol and unsupervised contact with minors.[7]

6. On December 24, 2022, Newark, Delaware police arrested Defendant and charged him with Driving Under the Influence and other driving offenses. Accordingly, on January 9, 2023, the Delaware Department of Correction stated that Defendant had violated the terms of his probation by committing these offenses and by failing to comply with the conditions of his sentence that require him to refrain from possession or use of alcohol during probation and to complete sex offender treatment.

7. On June 27, 2023, the Court revoked Defendant's conditional release.[8] That same day, on June 27, 2023, the Court sentenced Defendant for the violations of probation to: (1) Rape in the First Degree, three years of Level V supervision, suspended after one year, eleven months, and twenty-nine days for two years of

---

[6] D.I. 96. On that same day, June 2, 2022, the Court merged Defendant's Rape in the Second Degree and Assault in the Third Degree convictions into his Rape in the First Degree conviction.
[7] Id. The police report showed that Defendant had consumed six beers and become intoxicated prior to committing the instant offenses. Id.
[8] D.I. 98.

Level III supervision; (2) Menacing, thirty days of Level V supervision, followed by one year of Level III supervision; (3) Terroristic Threatening (first count), one year of Level V supervision, followed by one year of Level III supervision; (4) Terroristic Threatening (second count), one year of Level V supervision, followed by one year of Level III supervision; and (5) Endangering, one year of Level V supervision, followed by one year of Level III supervision.[9]

8. On August 12, 2023, Defendant filed the instant Motion for Sentence Reduction, in which he asks this Court to reduce the duration of his sentence. In support, he argues that during his Level V supervision, he has participated in weekly programs, maintained a work position, and refrained from violating the rules. He states that reducing his sentence would allow him to care for his elderly mother.[10]

9. On September 29, 2023, Defendant filed the instant Motion for Sentence Modification, in which he asks this Court to modify the final six months of his sentence to Level IV work release supervision. In support, he raises the same arguments about his behavior during his Level V supervision and states that this modification would allow him to save money to pay the fines he owes to the Court.[11]

10. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A

---

[9] D.I. 99.
[10] D.I. 101.
[11] D.I. 102.

3

timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[12] Defendant's Motion for Sentence Reduction was made less than ninety days after Defendant was sentenced on June 27, 2023, and is his first motion to reduce that sentence, so it is timely and non-repetitive. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[13] The Court has "broad discretion to decide if it should alter its judgment."[14]

11. Rule 35(b) also authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time."

12. After reviewing the Motions, sentence, and record in this case, the Court finds no just cause for sentence reduction or modification. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Efrain Rivera (SBI #00649103)

---

[12] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).
[13] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).
[14] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

4